UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| MAYRA PABEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CAMPBELL SOUP COMPANY, and SNYDER'S-LANCE INC.,<br><br>Defendants. | No: 25 Civ. 1988<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

Mayra Pabel ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and her similarly situation co-workers – salaried Production Superintendents – who work or have worked for Campbell Soup Company and Snyder's-Lance Inc. (together, "Campbell Soup Company" or "Defendants") companywide in the United States.

2. Founded in 1869, Campbell Soup Company is one of the largest food manufacturers in the world, with 14,500 employees across North America and net sales of $9.4 billion in 2023.[1] Trading under the NASDAQ symbol "CPB," Campbell Soup Company has its company headquarters in Camden, New Jersey.

---
[1] See About us, The Campbell's Company Website, available at https://www.thecampbellscompany.com/about-us/.

3. Campbell Soup Company is divided into two main subdivisions – Meals & Beverages and Snacks. The Snacks portfolio contains 16 household brands, such as Snyder's of Hanover, Goldfish, Lance, Pepperidge Farm, Cape Code Chips, Kettle Brand Chips, and Late July Snacks.[2]

4. In order to meet the demands of its Snacks division, Campbell Soup Company maintains various production facilities around the country like the one where Plaintiff physically worked. For instance, Campbell Snacks facilities include those in Franklin, Wisconsin; Hanover, Pennsylvania; Goodyear, Arizona; Charlotte, North Carolina, and Richmond, Utah.

5. As part of its production facilities, Defendants employ hundreds of Production Supervisors like Plaintiff.

6. Plaintiff and similarly situated Production Supervisors work generally 14.5 to 15 hour shifts, between 4 to 7 days per week, regularly working over 40 hours in a week.

7. In order to avoid paying Production Supervisors overtime for hours worked in excess of 40 per workweek, Defendants uniformly misclassified the position as exempt from the overtime protections of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. (collectively, "WWPCL"), and other applicable state wage and hour laws.

8. Despite this classification, Plaintiff and similarly situated Production Supervisors have non-exempt primary duties.

9. In this regard, Production Supervisors have non-exempt primary duties that involve

---

[2] https://www.thecampbellscompany.com/our-food/

setting up and operating production machinery, covering hourly workers' production line stations during their break/meal times, gathering supplies for production line workers, cleaning machinery and the production areas, and troubleshooting broken down production machinery, and completing route company checklists. Moreover, Production Supervisors cannot hire or fire employees, nor are they involved in the interview process.

10.   As such, Production Supervisors are non-exempt employees under the FLSA and corresponding state wage and hour laws.

11.   Plaintiff brings this action on behalf of herself and similarly situated current and former Production Supervisors who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Campbell Soup Company that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

12.   Plaintiff also brings this action on behalf of herself and similarly situated Production Supervisors in Wisconsin pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the WWPCL.

## JURISDICTION AND VENUE

13.   This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

14.   This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Wisconsin state law claims because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because all

Defendants reside in this State.

## PARTIES

### Plaintiff

16.     Plaintiff, Mayra Pabey, is an adult who is a resident of Milwaukee, Wisconsin.

17.     Plaintiff began working for Defendants in approximately 2012 but was moved to the position of Production Supervisor in approximately 2020. Plaintiff worked for Defendants until March 2024.

18.     Plaintiff is a covered employee within the meaning of the FLSA and WWPCL.

19.     A written consent form for Plaintiff is being filed with this Class and Collective Action Complaint.

### Defendants

20.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

21.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

22.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

23.     During all relevant times, Defendants' operations are interrelated and unified.

24.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the WWPCL.

**Campbell Soup Company**

25.     Together with the other Defendants, Campbell Soup Company has co-owned and/or co-operated all Campbell Soup Company facilities in the United States in the relevant time

period.

26. Campbell Soup Company is a New Jersey corporation with a principal business address at One Campbell Place, Camden, New Jersey 08103.

27. Campbell Soup Company is the parent corporation for all other Campbell related entities.

28. At all relevant times, Campbell Soup Company has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

29. Campbell Soup Company has applied the same employment policies, practices, and procedures to all Production Supervisors at their facilities throughout the United States.

30. At all times relevant to this lawsuit, Campbell Soup Company has employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

31. At all times relevant, Campbell Soup Company has had an annual gross volume of sales in excess of $500,000.00.

**Snyder's-Lance, Inc.**

32. Together with the other Defendants, Snyder's-Lance, Inc. has co-owned and/or co-operated all Campbell Soup Company facilities in the United States in the relevant time period.

33. Snyder's-Lance, Inc. is a foreign business corporation organized and existing under the laws of North Carolina.

34. The corporate headquarters for Snyder's-Lance, Inc. is One Campbell Place, Camden, New Jersey 08103.

35. At all relevant times, Snyder's-Lance, Inc. has maintained control, oversight, and

direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

36. During her his employment, Plaintiff received paystubs that list Snyder's-Lance, Inc. as the corporate payor.

37. Snyder's-Lance, Inc. has applied the same employment policies, practices, and procedures to all Production Supervisors at their facilities throughout the United States.

38. At all times relevant to this lawsuit, Snyder's-Lance, Inc. has employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

39. At all times relevant, Snyder's-Lance, Inc. has had an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of:

> All current and former Production Supervisors paid with a salary who work or have worked at any production facilities operated by Defendants in the United States within the last three years and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective")

41. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their overtime compensation owed.

42. Consistent with Defendants' policies, patterns, or practices, Plaintiff and the FLSA Collective were not paid premium overtime compensation for all hours worked beyond 40 per workweek.

43. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and

the FLSA Collective have performed.

44. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek.

45. A violation of the FLSA is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

46. Defendants failed to undertake any diligent review of its wage and hour practices relating to Production Supervisors.

47. Defendants did not consult with counsel regarding their wage and hour practices relating to Production Supervisors.

48. As a result, Defendants acted willful due to their reckless disregard of their conduct.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings the Second Cause of Action, a WWPCL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and the class of persons consisting of:

> All current and former Production Supervisors paid with a salary at any of Defendants facilities in Wisconsin between March 20, 2023 and the date of the final judgment in this matter (the "Wisconsin Class").

50. The Wisconsin Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

51. There are more than fifty members of the Wisconsin Class.

52. Plaintiff's claims are typical of those claims that could be alleged by any Wisconsin

Class member, and the relief sought is typical of the relief which would be sought by each Wisconsin Class member in separate actions.

53. Plaintiff and the Wisconsin Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Wisconsin Class members.

54. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class members and has no interests antagonistic to the Wisconsin Class members.

55. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

57. Common questions of law and fact exist as to the Wisconsin Class that predominate over any questions only affecting Plaintiff and the Wisconsin Class members individually and include, but are not limited to, the following:

> (a) Whether Defendants failed to pay Plaintiff and the WWPCL Class overtime wages for all of the hours they worked;

  (b) Whether Defendants required Plaintiff and the WWPCL Class to spend more than 20% of their worktime performing non-exempt work in violation of DWD 274.04(1)(a)(5).

## FACTS

58. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Mayra Pabey**

59. Pabey was employed by Defendants as a Production Supervisor from approximately 2020 through March 2024. Prior to her time as a Production Supervisor, Pabey worked an hourly worker in various positions since 2012.

60. Pabey worked at Defendants' production facility located at 4625 W. Oakwood Park Drive, Franklin, Wisconsin 53132.

61. During the course of her employment as a Production Supervisor, she regularly worked over 40 hours per week. In this regard, she worked daily shifts of 14.5 to 15 hours, from approximately 5:00 pm to 7:30/8:00 am. She generally was assigned to 3 days on, 3 days off, followed by 2 days off, then another 3 days on. However, she called into work at times during her off days.

62. Despite regularly working over 40 hours per workweek, Defendants paid Pabey with a salary, regardless of the number of hours worked.

63. Defendants did not keep an accurate record of hours Pabey worked.

64. Pabey's primary duties as a Production Supervisor are related to the manufacturing of Defendants' products. In this regard, she spent the majority of her hours worked performing physical or manual labor, including but not limited to: (1) setting up and operating the relevant machinery, (2) refilling supplies as needed, (3) refilling/replacing film onto machines and pallets,

(4) assisting with packaging, (5) when a breakdown occurs, entering the oven and reworking products, and (6) stepping into the line while hourly workers go on their breaks.

65. Pabey could not hire, fire, nor were any recommendations given any particular weight by Defendants.

66. Pabey was required to perform her job in strict compliance with Defendants' company policies. Defendants prohibit their employees from varying outside of the predetermined job duties and routine paperwork/checklists.

67. As such, Pabey's primary job duties are non-exempt duties under the FLSA and WWPCL.

### FIRST CAUSE OF ACTION
**Violations of the FLSA – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

70. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, for all hours worked beyond 40 per workweek.

71. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective. As such, a

three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

72. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Violation of the WWPCL – Unpaid Overtime Wages
### (Brought on Behalf of Plaintiff and the Wisconsin Class)

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

75. At all relevant times, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

76. At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.,* 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

77. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

78. During Plaintiff's employment with Defendants, Defendants misclassified Plaintiff as salaried-exempt when, in reality, Plaintiff performed non-exempt job duties each work day and each workweek and were entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, and Defendants impermissibly, unlawfully, and willfully failed to

11

compensate Plaintiff for any and all hours worked and/or work performed each work day and each workweek hours in excess of forty (40) hours a workweek at an overtime rate of pay, in violation of the WWPCL.

79. As set forth above, Plaintiff has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

80. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of the FLSA Collective and Wisconsin Class, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Production Supervisors and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Campbell Soup Company nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   D. Designation of Plaintiff as a representative of the Wisconsin Class and counsel of record as Class Counsel;

   E. Unpaid overtime wages and applicable liquidated damages and penalties as permitted by law pursuant to the WWPCL;

   F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

   G. Reasonable attorneys' fees and costs of the action; and

   H. Such other relief as this Court shall deem just and proper.

Dated: March 20, 2025
   New York, New York

          Respectfully Submitted,

          */s/ Dana M. Cimera*
          Dana M. Cimera

          **FITAPELLI & SCHAFFER, LLP**
          Brian S. Schaffer*
          Armando A. Ortiz*
          Dana M. Cimera
          28 Liberty Street, 30th Floor
          New York, New York 10005
          Telephone: (212) 300-0375
          bschaffer@fslawfirm.com
          dcimera@fslawfirm.com
          aortiz@fslawfirm.com

          *\*Admission pro hac vice forthcoming*
          *Attorneys for Plaintiff and the Putative Class*

# FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against CAMPBELL SNACKS and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 40% of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_DocuSigned by:_
_Mayra Pabey_
_C7ED5E7A09AF45D..._
Signature

MAYRA PABEY

Full Legal Name (Print)